**THE HONORABLE BRIAN D. LYNCH**
**CHAPTER 13**
**HEARING DATE: June 12, 2019**
**HEARING TIME: 1:30 P.M.**
**LOCATION: Tacoma, Washington**
**RESPONSE DATE: June 5, 2019**

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re: | Case No.: 19-41238-BDL |
| DIANE RENEE ERDMANN, | OBJECTION TO CONFIRMATION WITH STRICT COMPLIANCE |
| Debtor. | |

**COMES NOW**, Michael G. Malaier, Chapter 13 Standing Trustee, and objects to confirmation as follows:

## **BACKGROUND**

Debtor filed this Chapter 13 case on April 18, 2019. The applicable commitment period is Invalid input months. The case is currently in the first month and the Meeting of Creditors has not yet been completed. The bar date for filing non-governmental claims is June 27, 2019. Scheduled unsecured claims total $0.00. The Trustee estimates that under the proposed plan general unsecured creditors will receive approximately $0.00.

OBJECTION TO CONFIRMATION

- 1 -

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
(253) 572-6600

# **OBJECTION**

☒ Plan is not feasible:

Debtor has not starting making plan payments. Before confirmation, a debtor must demonstrate that "the debtor will be able to make all payments under the plan." 11 U.S.C. § 1325(a)(6). Debtor's lack of plan payments demonstrates that Debtor lacks the ability to make the required payments under the plan.

☒ Plan is not proposed in good faith or is forbidden by law:

Debtor is not eligible to be a Chapter 13 Debtor. ECF No. 17 at 3, ¶8. A motion to convert Debtor's case from Chapter 13 to Chapter 7 has been filed one of Debtor's judgment creditors and is set for hearing on the same day as the confirmation hearing. Trustee supports converting Debtor's case to Chapter 7.

☒ Plan fails to commit all excess disposable income for the applicable commitment period as required by 11 U.S.C. § 1325(b)(1)(B):

Debtor has failed to propose a plan or a plan payment.

☒ Plan does not meet the best interests of creditors test as required by 11 U.S.C. § 1325(a)(4):

Due to Debtor's failure to file schedules, Trustee is unable to ascertain if there are non-exempt assets that need to be accounted for in Debtor's liquidation value.

☒ Schedules or other documentation insufficient:

Debtor has not yet provided Trustee with copies of her bank statements covering the date of filing, most recently filed tax return, or verification of income pursuant to Fed. R. Bankr. P. 4002. Debtor's section 341 meeting has been continued to June 6, 2019 to allow Debtor to provide the required documents. Confirmation should be denied until such time as Debtor has complied with this requirement.

☒ Other:

Trustee has been unable to complete Debtor's section 341 meeting. The deadline for Debtor to file the balance of her schedules was continued to May 23, 2019; however, the schedules and plan have not been filed.

**WHEREFORE**, Trustee requests that the objection to confirmation be sustained and debtor be ordered to file a motion to confirm a plan resolving the issues raised herein within 14 days of entry of the Order Sustaining Trustee's Objection to Confirmation; and to set the

OBJECTION TO CONFIRMATION

- 2 -

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
(253) 572-6600

hearing on the next available motion calendar after the 14 days expires. If the Motion to Confirm resolving the Trustee's issues is not filed and set for hearing as outlined above, the Trustee requests he be allowed to enter an order dismissing the case, *ex parte*, without notice.

**DATED** this 28th day of May, 2019.

/s/ Mathew S. LaCroix
Mathew S. LaCroix, WSBA# 41847 for
Michael G. Malaier, Chapter 13 Trustee

OBJECTION TO CONFIRMATION

- 3 -

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
(253) 572-6600