Entered on Docket June 14, 2019

**Below is the Order of the Court.**

_____
**Mary Jo Heston**
**U.S. Bankruptcy Judge**
**(Dated as of Entered on Docket date above)**

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

In re:

DIANE RENEE ERDMANN,

Debtor.

Case No. 19-41238-MJH

**ORDER CONVERTING CASE**

This matter came before the Court on June 11, 2019, on the motion of Mark Calvert, as Chapter 11 Trustee of Northwest Territorial Mint, LLC (Case No. 16-11767-CMA), to convert the case to one under Chapter 7. The Debtor, Diane Erdmann ("Debtor"), failed to respond to the motion or appear at the hearing.[1] Though unopposed, the Court requested Calvert appear to address additional questions of the Court to aid in its determination of whether conversion or dismissal was in the best interests of creditors in this case. The Court having considered the pleadings filed in this matter, including the declarations of David Neu and Mark Calvert, the argument presented at the hearing, the Debtor's ineligibility for Chapter 13 bankruptcy under 11 U.S.C. § 109(e), and also considering the claims filed in this case, determines that conversion is in the best interests of creditors. Accordingly, it is hereby

---

[1] Though the Debtor failed to respond to the motion or appear at the hearing, a Mr. Hansen did appear on her behalf claiming he was able to represent the Debtor through a "financial power of attorney." Mr. Hansen represented to the Court that he is not authorized to practice law. Since Mr. Hansen is not an attorney, he is not permitted to appear on the Debtor's behalf to argue in opposition to the motion. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *Rumph on Behalf of C.R. v. City of New York*, 18-CV-8862, 2019 WL 1900335, at * 1 (S.D.N.Y April 26, 2019) (discussing meaning of an appearance *pro se* and collecting cases).

ORDER CONVERTING CASE - 1

**ORDERED** that the Court's finding of fact and conclusions of law, as stated on the record, are hereby incorporated as though fully set forth herein pursuant to Fed. R. Bankr. P. 7052. It is further

**ORDERED** that this bankruptcy case is hereby CONVERTED to a case under Chapter 7 pursuant to 11 U.S.C. § 1307(c), effective immediately.[2]

/// End of Order ///

---

[2] The Court is aware of Debtor's *pro se* filing of a "Motion to Dismiss" made at 1:01 p.m. on June 11, 2019. The motion does not alter the Court's analysis under 11 U.S.C. § 1307(c) as the Debtor does not have an absolute right to dismiss this matter after failing to respond to the motion to convert and in the face of allegations of bad faith and abusive conduct. *See Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 774-75 (9th Cir. 2008).