Honorable Mary Jo Heston
Hearing Date: October 22, 2019
Hearing Time: 9:00 a.m.
Response Date: October 15, 2019
Location: Tacoma
Chapter 7

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | No. 19-41238 |
| DIANE ERDMANN, | DECLARATION OF TRUSTEE IN SUPPORT OF MOTION TO APPROVE SETTLEMENT AND SALE OF ESTATE'S INTEREST IN COIN AND METAL INVENTORY |
| Debtor. | |

Kathryn A. Ellis declares and states as follows:

1.      I am the Trustee in this matter and have testimonial knowledge of the facts set forth in this declaration.

2.      Attached hereto as Exhibit 1 is a true and correct copy of the proposed Settlement Agreement.

4.      Attached hereto as Exhibit 2 is a true and correct copy of the proposed Agreement Regarding Storage of Precious Metal.

5.      Attached hereto as Exhibit 3 is a true and correct copy of a KeyBank statement for an account held for the benefit of the King County Sheriff with a balance, as of July 31, 2019, in the amount of $6,534.  Just as the bankruptcy estates are proposing to equally divide the proceeds from the sale of the coins and gold bars, the bankruptcy estate will each receive one half of this account balance, or the sum of $3,267.

6.      Attached hereto as Exhibit 4 is a true and correct copy of the Declaration of Mark

**DECLARATION OF TRUSTEE IN SUPPORT OF MOTION TO APPROVE SETTLEMENT AND SALE OF ESTATE'S INTEREST IN COIN AND METAL INVENTORY - 1**

KATHRYN A. ELLIS PLLC
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

Calvert filed in the bankruptcy estate of Northwest Territorial Mint LLC (Bk. No. 16-11767, Docket No. 2048), with a copy of the inventory attached. My office has also reviewed and verified the contents of that inventory proposed for sale.

7. It is my opinion, in my best business judgement, the settlement is optimum for this case and should be approved by the Court.

8. The compromise/settlement is fair, reasonable and adequately based on the facts and circumstances. B.R. 9019(a) and 7023. The substantive terms of the settlement compare favorably with the likely rewards of litigation. The process by which the settlement was reached was arm's length negotiation, and that all interests have been effectively represented.

9. Given the probability of success in the litigation, the risks inherent in all litigation, complexity and its attendant expense, inconvenience and delay, and the paramount interest of the creditors with a proper deference to their reasonable views, the settlement proposed should be approved. The proposed settlement is believed to be above the "lowest point in the range of reasonableness", and I submit that the settlement should be approved.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated this 1st day of October, 2019 at Seattle, Washington.

By: /s/ Kathryn A. Ellis
Kathryn A. Ellis

C:\Shared\OneDrive - Kathryn A Ellis\Shared\KAE\Dox\TRUSTEE\Erdmann\settle_dec.wpd

**DECLARATION OF TRUSTEE IN SUPPORT OF MOTION TO APPROVE SETTLEMENT AND SALE OF ESTATE'S INTEREST IN COIN AND METAL INVENTORY - 2**

KATHRYN A. ELLIS PLLC
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

# EXHIBIT 1

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into and effective as of this _____ day of _____, 2019, upon the terms and conditions set forth below, by and between Mark Calvert as Chapter 11 Trustee for Northwest Territorial Mint, LLC (the "NWTM Trustee") in bankruptcy case no. 16-11767, United States Bankruptcy Court for the Western District of Washington, Kathryn A. Ellis, Chapter 7 Trustee for Diane Erdmann (the "Erdmann Trustee") in case no. 19-41238, United States Bankruptcy Court for the Western District of Washington, and Bradley Stephen Cohen and Cohen Asset Management, Inc. (collectively, the "Cohen Creditors"). The NWTM Trustee, the Erdmann Trustee, and the Cohen Creditors are collectively referred to herein as the "Parties."

## RECITALS

A.    On March 1, 2016, the United States District Court for the District of Nevada entered, in the case of *Bradley Stephen Cohen, et. al. v. Northwest Territorial Mint LLC, Ross B. Hansen, et. al.,* Case No. 2:12-cv-01401-JCM-PAL ("Cohen Creditors' Litigation"), a "Judgment on Jury Verdict' (the "Judgment") in favor of the Cohen Creditors.

B.    The Cohen Creditors filed a foreign judgment with King County Superior Court of Washington under King County Case #16-2-05611-3 KNT. The Cohen Creditors have a foreign judgment in the amount of $25,500,000.00 against Ross Hansen ("Hansen"). The Cohen Creditors also have a judgment against the Mint in the principal amount of $12,500,000.00.

C.    On April 1, 2016, Northwest Territorial Mint, LLC ("NWTM" or the "Mint") filed a chapter 11 voluntary bankruptcy petition, commencing Case No. 16-11767-CMA (the "NWTM Bankruptcy Case") in the United States Bankruptcy Court for the Western District of Washington (the "Bankruptcy Court"). On April 11, 2016, the Bankruptcy Court appointed Mark Calvert as chapter 11 Trustee.

D.    On April 27, 2016 Cohen caused the Sheriff executed a personal property writ of execution at Hansen's residence in Auburn, Washington ("Writ of Execution"). The Sheriff seized personal property including coins and bullion, computers, collectibles, cash and paper records (the "Seized Property"). The Cohen Creditors incurred no less than $15,000 in attorney fees and costs in their efforts to execute on the Seized Property.

E.    Diane Erdmann, also a resident at the Auburn property, asserts that the Seized Property belongs to her. It is the Cohen Creditor's position that some or all of the Seized Property belongs to Hansen and is subject to execution to partially satisfy their judgment. It is the NWTM Trustee's position that the Seized Property is property of the NWTM estate. It is the Erdmann Trustee's position that the Seized Property is property of the Diane Erdmann bankruptcy estate.

F. Diane Erdmann filed a motion in the Bankruptcy Case for instruction regarding the applicability of the automatic stay as to the Cohen Creditors' Litigation. On June 22, 2016, the bankruptcy court entered an Order Determining Applicability of Automatic Stay. The court ordered that the Seized Property be turned over to the NWTM Trustee pending a determination whether the NWTM Bankruptcy Estate owns an interest in the Seized Property.

G. On September 9, 2016, the Trustee filed a complaint against Diane Erdmann commencing Adv. Pro. 16-01217, United States Bankruptcy Court for the Western District of Washington (the "Erdmann Litigation") seeking avoidance of certain fraudulent transfers made by NWTM for her benefit. On March 28, 2018, following trial, a judgment was entered in favor of the Trustee in the amount of $430,462.

H. Beginning in late June, 2016, Diane Erdmann began liquidating precious metals and using the proceeds to pay legal fees incurred by Ross Hansen or a company which he owned, Medallic Art Company, LLC. In total, between June, 2016 and March, 2017, she liquidated approximately $700,000 in precious metal (the "Liquidated Metal") and transferred several hundred thousand dollars of the proceeds of the Liquidated Metals to several law firms (the "Transfers").

I. The Trustee asserts that the Liquidated Metal was property of the NWTM Bankruptcy Estate. Diane Erdmann has asserted that the Liquidated Metal belonged to her, and accordingly, that it is property of the Diane Erdmann bankruptcy estate.

J. On April 18, 2019, Diane Erdmann filed for Chapter 13 relief under case no. 19-41238 (the "Erdmann Bankruptcy Case"). On June 14, 2019, the Erdmann Bankruptcy Case was converted to a Chapter 7 proceeding, and Kathryn A. Ellis was appointed as the Chapter 7 Trustee.

K. The Erdmann Trustee believes she holds claims arising under 11 U.S.C. §548 and RCW Ch. 19.40 arising from the Transfers (the "Avoidance Causes of Action"). The NWTM Trustee believes he holds coextensive causes of action, including but not limited to conversion, arising from the Transfers (the "NWTM Causes of Action" and together with the Avoidance Causes of Action, the "Transfer Claims").

L. The parties to this Agreement wish to resolve claims and issues between them as reflected by the terms contained below.

## AGREEMENT

In consideration of the mutual promises and covenants contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties to this Agreement agree as follows:

1. Recitals. The Recitals set forth above constitute an integral part of this Agreement and the parties hereby affirm the facts set forth therein and agree to the

incorporation of the Recitals by this reference with the same force and effect as if set forth herein as agreements of the Parties.

2. <u>Liquidation of Seized Property.</u> The Erdmann Trustee, the NWTM Trustee, and the Cohen Parties consent to the liquidation of the Seized Property (excluding the cash portion of the Seized Property). Concurrently with seeking court approval of this Agreement, the NWTM Trustee and Erdmann Trustee will seek court authority for the liquidation of the Seized Property as contemplated herein. Hereafter, the proceeds of the Seized Property, net of liquidation costs, shall be referenced as the "Seized Property Proceeds." The term "Seized Property Proceeds" shall include the cash portion of the Seized Property.

3. <u>Proceeds of Sale of Seized Property.</u> The Seized Property Proceeds will be split as follows: Cohen Creditors will receive $25,000, which shall be paid as directed by Cohen or his counsel. The remainder of the Seized Property Proceeds will be split evenly (50/50) between the NWTM Trustee and the Erdmann Trustee.

4. <u>Assignment of NWTM Causes of Action and Pursuit of Litigation.</u> The NWTM Trustee will assign the NWTM Causes of Action to the Erdmann Trustee. The Erdmann Trustee shall pursue recovery based on the Transfer Claims, as she deems prudent and reasonable, including through litigation or settlement. Any monies recovered based on the Transfer Claim or any other claims arising from or related to the Transfers, net of attorney fees and costs, will be split evenly (50/50) between the NWTM Trustee and the Erdmann Trustee.

5. <u>Release of Claims by Trustees against Bradley Stephen Cohen.</u> Contingent upon approval of this Agreement by the Bankruptcy Court as set forth in paragraph 7, the NWTM Trustee and the Erdmann Trustee, on behalf of the NWTM Bankruptcy Estate, the Erdmann Bankruptcy Estate, their respective agents, affiliates, parents, subsidiaries, officers, directors, shareholders, legal representatives, successors and assigns, shall be deemed to have fully and forever released, compromised and discharge Bradley Stephen Cohen and his current, former, and future, agents, lawyers, employees predecessors, successors, assigns, affiliates, and representatives from all actions, claims, demands, damages, debts, losses, liabilities, indebtedness, causes of action (whether at law or in equity) and obligations of whatever kind or nature, whether now known or hereafter discovered, direct or indirect, new or existing, foreseen or unforeseen, by reason of any matter, cause or thing whatsoever occurring on or prior to the date hereof, including those arising out of or relating to the affairs of Bradley Stephen Cohen and the Mint, and/or related to any past or future collection efforts against Ross B. Hansen on Bradley Stephen Cohen's judgment against Ross B. Hansen..

6. <u>Release of Claims by Trustees against Cohen Asset Management, Inc.</u> Contingent upon approval of this Agreement by the Bankruptcy Court as set forth in paragraph 7, the NWTM Trustee and the Erdmann Trustee, on behalf of the NWTM Bankruptcy Estate, the Erdmann Bankruptcy Estate, and their respective agents, affiliates, parents, subsidiaries, officers, directors, shareholders, legal representatives, successors

and assigns, shall be deemed to have fully and forever released, compromised and discharge Cohen Asset Management, Inc. and its current, former, and future, agents, lawyers, employees predecessors, successors, assigns, affiliates, and representatives from all actions, claims, demands, damages, debts, losses, liabilities, indebtedness, causes of action (whether at law or in equity) and obligations of whatever kind or nature, whether now known or hereafter discovered, direct or indirect, new or existing, foreseen or unforeseen, by reason of any matter, cause or thing whatsoever occurring on or prior to the date hereof, including those arising out of or relating to the affairs of Cohen Asset Management, Inc. and the Mint, and/or related to any past or future collection efforts against Ross B. Hansen on Cohen Asset Management, Inc.'s judgment against Ross B. Hansen.

7.      Agreement Subject to Court Approval. This agreement is binding on the parties, subject only to the approval of the Bankruptcy Court in both the NWTM Bankruptcy Case and the Erdmann Bankruptcy Case. The NWTM Trustee and Erdmann Trustee agree to promptly apply to the Court for such approval.

8.      Representation. The Parties to this Agreement have had the opportunity to review this Agreement and acknowledge that they fully understand and agree to the contents herein. The Parties have had the opportunity to consult with their own attorneys concerning this Agreement and have not entered into this Agreement under any undue influence. Each of the individuals signing this Agreement specifically represents and warrants that they have authority to bind the parties to this Agreement.

9.      Governing Law; Jurisdiction and Venue. This Agreement is entered into in Washington and shall be governed by and construed in accordance with the substantive laws of the State of Washington, without giving effect to conflicts of laws rules. The Parties agree that the Bankruptcy Court for the Western District of Washington shall have jurisdiction and shall be the sole venue for the determination of any disputes arising out of this Agreement.

10.     Successors and Assigns. This Agreement shall inure to the benefit and be binding upon the parties to this Agreement and their successors and assigns.

11.     Entire Agreement. This Agreement constitutes the entire agreement between the parties hereto and supersede all prior agreements, representations, warranties, statements, promises, information, arrangements and understandings, whether oral or written, express or implied, with respect to the subject matter hereof. No variations, modifications, or changes herein shall be binding upon any party unless set forth in a document executed by the Parties.

12.     Counterparts; Signature Pages. This Agreement may be executed in one or more counterparts, each of which shall constitute an original document but all of which when taken together shall constitute one and the same agreement. Delivery of an executed copy facsimile or email transmission or other means of electronic communication producing a printed copy will be deemed to be an execution and delivery of this Agreement on the date of such communication by the parties so delivering such a

copy. Any party so delivering such a copy via electronic communication shall deliver an executed original of this Agreement to the other parties upon request.

13. <u>Headings</u>. The captions or headings provided in this Agreement are for convenience only and shall not be deemed to be a part of this Agreement.

14. <u>Further Assurances</u>. From time to time and without further consideration, the parties hereto shall execute and deliver such other instruments of conveyance, assignment, transfer, delivery, security and take such other action as may be reasonably necessary in order to consummate the transactions contemplated by this Agreement, providing however that any such instruments shall be without warranty.

15. <u>No Waiver</u>. A party does not waive any right under this Agreement by failing to insist on compliance with any of the terms of this Agreement or by failing to exercise any right hereunder. Any waivers granted hereunder are effective only if recorded in a writing signed by the party granting such waiver.

16. <u>Severability</u>. If any provision of this Agreement is determined by any court or governmental authority to be unenforceable, the Parties intend that this Agreement be enforced as if the unenforceable provisions were not present and that any partially valid and enforceable provisions be enforced to the extent that they are enforceable.

17. <u>Rules of Construction</u>. Each of the Parties and/or counsel for each party have reviewed this Agreement and accordingly the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

18. <u>Cumulative Rights/Construction</u>. The rights and remedies of the Parties under this Agreement are cumulative, and any party may enforce any of its rights or remedies under this Agreement or other rights and remedies available to it at law or in equity.

MARK CALVERT, CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF NORTHWEST TERRITORIAL MINT, LLC

_____

Mark Calvert

Date_____

KATHRYN A. ELLIS, CHAPTER 7 TRUSTEE OF DIANE
ERDMANN

_____

Kathryn A. Ellis

Date_____


COHEN ASSET MANAGEMENT, INC.


_____

By:

Date_____

BRADLEY STEPHEN COHEN


_____

Date_____

# EXHIBIT 2

<u>Agreement Regarding Storage of Precious Metal</u>

This Agreement is made by and between Mark Calvert as Chapter 11 Trustee for Northwest Territorial Mint, LLC (the "NWTM Trustee") in bankruptcy case no. 16-11767, United States Bankruptcy Court for the Western District of Washington, Kathryn A. Ellis, Chapter 7 Trustee for Diane Erdmann (the "Erdmann Trustee") in case no. 19-41238, United States Bankruptcy Court for the Western District of Washington, and Bellevue Rare Coins ("BRC").

<u>Recitals</u>

WHEREAS on April 27, 2016 the King County Washington Sheriff executed a personal property writ of execution at Ross Hansen's residence in Auburn, Washington and seized personal propertyMetal including coins and bullion, computers, collectibles, cash and paper records (the "Seized Metal"); and

WHEREAS on June 22, 2016, the United States Bankruptcy Court for the Western District of Washington ordered that the Seized Metal be turned over to the NWTM Trustee pending a determination whether the NWTM Bankruptcy Estate owns an interest in the Seized Metal; and

WHEREAS both the NWTM Trustee and the Erdmann Trustee claim an interest in the Seized Metal; and

WHEREAS the NWTM Trustee and the Erdmann Trustee have negotiated the terms of a settlement (the "Settlement"), pursuant to which the Seized Metal will be liquidated and the proceeds divided between the NWTM Trustee, the Erdmann Trustee, and Bradley Steven Cohen; and

WHEREAS the effectiveness of the Settlement is contingent on approval of the United States Bankruptcy Court for the Western District of Washington; and

WHEREAS BRC has been afforded an opportunity to inspect the coins, bullion and collectibles aspects of the Seized Inventory (the "Seized Metal") for the purpose of valuation and has offered to purchase the Seized Metal, subject to acceptance by the NWTM Trustee and the Erdmann Trustee and subject to approval of the United States Bankruptcy Court for the Western District of Washington; and
Metal

WHEREAS the Erdmann Trustee and the NWTM Trustee will file motions seeking approval of the Settlement and the liquidation of the Seized Metal; and

WHEREAS BRC has offered to store the Seized Metal until such time as the United States Bankruptcy Court for the Western District of Washington rules on the Settlement and the Liquidation of the Seized Metal.

1

<u>Agreement</u>

1.    <u>Storage of Seized Metal</u>.  BRC agrees to  store the Seized Metal, without charge,Metal until such time as the United States Bankruptcy Court for the Western District of Washington rules on the Settlement and the Liquidation of the Seized Metal and a sale of the Seized Metal is consummated in both the NWTM and Erdmann estates, or until such time as the NWTM Trustee or the Erdmann Trustee requests that the Seized Metal be turned over to their possession.

2.    <u>Interest in Seized Metal</u>.  BRC agrees that shall store the Seized Metal as a bailee, and that BRC shall have no interest in the Seized Metal unless and until the United States Bankruptcy Court for the Western District of Washington, in both the NWTM and Erdmann estates, approves a sale of the Seized Metal to BRC, and such a sale is consummated.

3.    <u>Segregation of Seized Metal</u>. BRC shall keep the Seized Metal segregated from all other inventory and property stored at BRC.

4.    <u>Insurance</u>.  BRC will maintain insurance that covers the Seized Metal from loss, theft, or destruction and will provide proof of such insurance to the NWTM Trustee and the Erdmann Trustee..

5.    <u>Counterparts; Signature Pages</u>.  This Agreement may be executed in one or more counterparts, each of which shall constitute an original document but all of which when taken together shall constitute one and the same agreement.  Delivery of an executed copy facsimile or email transmission or other means of electronic communication producing a printed copy will be deemed to be an execution and delivery of this Agreement on the date of such communication by the parties so delivering such a copy.  Any party so delivering such a copy via electronic communication shall deliver an executed original of this Agreement to the other parties upon request.

Mark Calvert, Chapter 11 Trustee of the Bankruptcy Estate of Northwest Territorial Mint, LLC

_____
  Mark Calvert

Date_____

Kathryn A. Ellis, Chapter 7 Trustee of Diane Erdmann

_____
Kathryn A. Ellis

Date_____

2

BELLEVUE RARE COINS

By: _____

Date_____

502504153 v4

September 25, 2019

# EXHIBIT 3



KeyBank
P.O. Box 93885
Cleveland, OH 44101-5885

8247

31       T   274 00000 R EM AO
NORTHWEST TERRITORIAL MINT, LLC
FBO KING COUNTY SHERIFF
PO BOX 8329
BONNEY LAKE WA 98391-0101

*Questions or comments?*
Call our Key Business Resource Center
1-888-KEY4BIZ (1-888-539-4249)

---

*Enroll in Online Banking today at Key.com.*
*Access your available accounts, transfer funds and view your transactions right from your PC.*

---

Key Business Reward Checking     8247
NORTHWEST TERRITORIAL MINT, LLC
FBO KING COUNTY SHERIFF

| | |
|---|---|
| Beginning balance 6-30-19 | $6,534.00 |
| **Ending balance 7-31-19** | **$6,534.00** |

8247 - 04731
2637

# EXHIBIT 4

1

2 Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA #33143
3 Brian T. Peterson, WSBA #42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
4 Seattle, WA 98104-1158
(206) 623-7580
5

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Rm. 7206
Hearing Date: Friday, April 19, 2019
Hearing Time: 9:30 a.m.
Response Date: April 12, 2019

6

7

8                    UNITED STATES BANKRUPTCY COURT
                      WESTERN DISTRICT OF WASHINGTON
9                             AT SEATTLE

10  In re:                                  Case No. 16-11767-CMA

11  NORTHWEST TERRITORIAL MINT, LLC,        DECLARATION OF MARK CALVERT IN
                                            SUPPORT OF MOTION TO APPROVE
12                    Debtor.               SETTLEMENT WITH BRADLEY COHEN
                                            REGARDING SEIZED PERSONAL
13                                          PROPERTY

14

15

16          Mark Calvert declares as follows:

17          1.      I am the Chapter 11 Trustee appointed over Northwest Territorial Mint, LLC

18  ("NWTM") in the above-captioned proceeding.

19          2.      Attached hereto as Exhibit A is an inventory of the property seized by the King

20  County Sherriff which I prepared.

21          3.      Attached hereto as Exhibit B is a copy of the Settlement Agreement with Bradley

22  Stephen Cohen and Cohen Asset Management, Inc.

23          I declare under the penalty of perjury under the laws of the United States that the foregoing is

24  \\\

25

DECLARATION OF MARK CALVERT ISO MOTION TO
APPROVE SETTLEMENT WITH BRADLEY COHEN
REGARDING SEIZED PERSONAL PROPERTY - 1
502096379 v6

K&L GATES, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

true and correct to the best of my knowledge.

EXECUTED this 12th day of March, 2019, at Seattle, Washington.

/s/ Mark Calvert
Mark Calvert

DECLARATION OF MARK CALVERT ISO MOTION TO
APPROVE SETTLEMENT WITH BRADLEY COHEN
REGARDING SEIZED PERSONAL PROPERTY - 2
502096379 v6

K&L GATES, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1

## CERTIFICATE OF SERVICE

2      The undersigned declares as follows:

3      That she is a paralegal in the law firm of K&L Gates LLP, and on March 12, 2019, she
caused the foregoing document to be filed electronically through the CM/ECF system which caused
4   Registered Participants to be served by electronic means, as fully reflected on the Notice of
Electronic Filing.

5
       Also on March 12, 2019, she caused the foregoing document to be placed in the mail to the
6   Parties at the addresses listed below:

7      Northwest Territorial Mint LLC
       325 E Washington St #226
8      Sequim, WA 98382

9      I declare under penalty of perjury under the laws of the State of Washington and the United
States that the foregoing is true and correct.
10

11     Executed on the 12th day of March, 2019 at Seattle, Washington.

12
                                              /s/ Denise A. Lentz
13                                            Denise A. Lentz

14

15

16

17

18

19

20

21

22

23

24

25

DECLARATION OF MARK CALVERT ISO MOTION TO
APPROVE SETTLEMENT WITH BRADLEY COHEN
REGARDING SEIZED PERSONAL PROPERTY - 3
502096379 v6

K&L GATES, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

# EXHIBIT A

# Inventory of Ross Hansen Seized Property
## May 10th, 2016
### Based on $1265 Gold and 17.05 Silver

| # | Lot | DT* | Description | Weight | Quantity | Price | Total |
|---|-----|-----|-------------|--------|----------|-------|-------|
| 1 | 1&2 | | Molly-T 50 Oz 999 Fine Silver Bar | 3.78 LBS | 1 | $850.00 | $850.00 |
| 2 | 1&2 | | Bag Silver Bars/Copper Rounds | 7.1 LBS | 1 | $800.00 | $800.00 |
| 3 | 1&2 | | Bag Wheat Pennies 50 Face worth 2.5 Cents Each | 34 LBS | 1 | $112.50 | $112.50 |
| 4 | 1&2 | | Apple Ipad Pro | 2.78 LBS | 1 | N/A | N/A |
| 5 | 1&2 | | Set of 70 Sterling Bicentennial Council Bars | 50 G/Each | 1 | $1,700.00 | $1,700.00 |
| 6 | 3&4 | 2 | Pure Silver Ruler | 12 Oz | 1 | $190.00 | $190.00 |
| 7 | 3&4 | | Set of 30 WWII Medals 999 Fine Silver | 5.64 Lbs | 1 | $900.00 | $900.00 |
| 8 | 3&4 | | Set of 50 1 Oz 999 Fine Silver Bars - World of Flight | 50 Oz | 1 | $835.00 | $835.00 |
| 9 | 3&4 | | Set of 100 Sterling Rounds - Hisotry of Flight - 1.2 oz each | 17 LBS | 1 | $1,800.00 | $1,800.00 |
| 10 | 3&4 | | Small Cardboard Box of Misc Coins, Bars and Knifes | 4.06 LBS | 1 | $260.00 | $260.00 |
| 11 | 3&4 | | Plastic Bag of Misc. US Currency - Coins and 1's | 12.92LBS | 1 | $100.00 | $100.00 |
| 12 | 3&4 | | Red Box with Misc Medals and Tokens | 8.87 LBS | 1 | $1,150.00 | $1,150.00 |
| 13 | 5&6 | | Geneve 14 K Wrist Watch | .51 LBS | 1 | $1,000.00 | $1,000.00 |
| 14 | 5&6 | | 2009 High Relief Gold Coin | 1 Oz | 1 | $1,850.00 | $1,850.00 |
| 15 | 5&6 | 4 | $20 Liberty Gold Coins | | 20 | $1,150.00 | $23,000.00 |
| 16 | 5&6 | 4 | 1855 S $20Gold Coin | | 1 | $1,500.00 | $1,500.00 |
| 17 | 5&6 | 4 | $20 SG Gold Coins | | 8 | $1,150.00 | $9,200.00 |
| 18 | 5&6 | 4 | 1900 $20 Gold MS 61 | | 1 | $1,250.00 | $1,250.00 |
| 19 | 5&6 | 4 | NGC & PCGS $20 Liberty Gold Coin MS 62 | | 11 | $1,268.00 | $13,948.00 |
| 20 | 5&6 | 4 | NGC & PCGS $20 Liberty Gold Coin MS 63 | | 7 | $1,350.00 | $9,450.00 |
| 21 | 5&6 | 4 | PCGS $20 Liberty Gold Coin MS 64 | | 2 | $1,800.00 | $3,600.00 |
| 22 | 5&6 | 4 | 1914 S $20 SG NGC MS 64 | | 1 | $1,380.00 | $1,380.00 |
| 23 | 5&6 | 4 | PCGS $20 SG MS 65 | | 3 | $1,650.00 | $4,950.00 |
| 24 | 5&6 | 4 | $10 Liberty Gold | | 4 | $593.75 | $2,375.00 |
| 25 | 5&6 | 4 | $10 1926 Indian | | 1 | $650.00 | $650.00 |
| 26 | 5&6 | 4 | $10 1893 PCGS MS 61 | | 1 | $615.00 | $615.00 |
| 27 | 5&6 | 4 | $10 Liberty Gold Coin PCGS & NGC MS 62 | | 6 | $335.00 | $2,010.00 |
| 28 | 5&6 | 4 | $10 Liberty Gold Coin PCGS & NGC MS 63 | | 6 | $415.00 | $2,490.00 |
| 29 | 5&6 | 3 | PAMP Suisse 100 Gram Gold Bars | | 11 | $4,048.00 | $44,528.00 |
| 30 | 5&6 | | 1893 Carson City $1 PCGS XF 40 | | 1 | $750.00 | $750.00 |
| 31 | 5&6 | | 1894 P Morgan $1 NGC F 12 | | 1 | $625.00 | $625.00 |
| 32 | 5&6 | | 1894 O $1 Raw | | 1 | $75.00 | $75.00 |
| 33 | 5&6 | | 1895 O Silver $1 | | 1 | $200.00 | $200.00 |
| 34 | 5&6 | | 1935 S San Siego Half Dollar PCGS MS 65 | | 1 | $110.00 | $110.00 |
| 35 | 5&6 | | 1936 York Half Dollar PCGS 67 | | 1 | $425.00 | $425.00 |
| 36 | 5&6 | | 1936 Wisconsin Half Dollar NGC 66 | | 1 | $230.00 | $230.00 |
| 37 | 5&6 | | 1937 Roanoke Half Dollar NGC 66 | | 1 | $280.00 | $280.00 |
| 38 | 5&6 | | 1921 Alabama Half Dollar NGC 64 | | 1 | $250.00 | $250.00 |
| 39 | 5&6 | | Roll 20 Coins 1878 CC Dollars | | 1 | $4,700.00 | $4,700.00 |
| 40 | 5&6 | | 1947 Panama Balboa | | 81 | $12.00 | $972.00 |
| 41 | 5&6 | 1 | 2015 Australian 1 Oz Silver Coins | | 3 | $20.00 | $60.00 |
| 42 | 5&6 | | Hawaiian Centennial 1 Oz Silver | | 1 | $20.00 | $20.00 |
| 43 | 5&6 | | 1930's Vatican Set of 9 | | 1 | $40.00 | $40.00 |
| 44 | 5&6 | | .999 Fine Silver Medals 1-10 Oz | | 5 | $86.00 | $430.00 |
| 45 | 5&6 | | Bag small silver .925 Ingots 292 Grains | | 1 | $126.00 | $126.00 |
| 46 | 5&6 | | First Day Issue Franklin Mint Medal | | 1 | $10.00 | $10.00 |
| 47 | 5&6 | | 10 Piece 1991 Canadian $20 Silver Coins | | 1 | $160.00 | $160.00 |
| 48 | 5&6 | | Bag of Misc Token Medals - Mostly Non Precious | | 1 | $235.00 | $235.00 |
| 49 | 5&6 | | Box Lot Misc Medals, Belt Buckle, Hobo Nickel | | 1 | $75.00 | $75.00 |
| 50 | 5&6 | | Box Lot British Cap Insignia, Military & School Medals | | 1 | $300.00 | $300.00 |
| 51 | 5&6 | | Assortment of Spoons Medals, Money Clips, ID Tags | 4.05 LBS | 1 | $75.00 | $75.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 52 | 7&8 | Dell Desktop Computer and Monitor | | 1 | N/A | N/A |
| 53 | 9 | Stacks of US Pennies (33.23, 38.89, 32.34 LBS) | 104 LBS | 3 | $50.00 | $150.00 |
| 54 | 10 | Bag Face Value Halves | 14.24 LBS | 1 | $260.00 | $260.00 |
| 55 | 10 | Bags Wheat Cents | 24.93 LBS | 2 | $50.00 | $100.00 |
| 56 | 10 | Mt Rushmore Silver Plaque | | 1 | $345.00 | $345.00 |
| 57 | 10 | Small Box Medals - Lapel Pins | | 1 | $75.00 | $75.00 |
| 58 | 10 | 2004 Australian Proof Set | | 1 | $20.00 | $20.00 |
| 59 | 10 | Plastic Tub of Face Value Coinage | | 1 | $200.00 | $200.00 |
| 60 | 11 | Bag Misc. US Coins Face Value | 7.07 LBS | 1 | $50.00 | $50.00 |
| 61 | 11 | Bag Face Value Dimes | 36.60 LBS | 1 | $663.80 | $663.80 |
| 62 | 11 | Bag Face Value Nickels | | 1 | $110.00 | $110.00 |
| 63 | 11 | Bag Face Value Nickels | | 1 | $50.00 | $50.00 |
| 64 | 12 | Bags $100 Face 1979 S Susan B Anthony Dollars | | 2 | $105.00 | $210.00 |
| 65 | 12 | Bag $100 Face 1979 P Susan B Anthony Dollars | | 1 | $105.00 | $105.00 |
| 66 | 12 | Bag $100 Face 1980 P Susan B Anthony Dollars | | 1 | $110.00 | $110.00 |
| 67 | 12 | Bag $100 Face 1980 S Susan B Anthony Dollars | | 1 | $110.00 | $110.00 |
| 68 | 12 | Plastic Bag Face Value Half Dollars and Ike Dollars | | 1 | $65.00 | $65.00 |
| 69 | 12 | Bag Misc Lincoln Cents | 4.7 LBS | 1 | $20.00 | $20.00 |
| 70 | 12 | Bag Face Value Quarters | 25.45 LBS | 1 | $509.00 | $509.00 |
| 71 | 13 | Bag Face Nickels Nickels | 22.14 LBS | 1 | $100.00 | $100.00 |
| 72 | 13 | Bag Face Value Quarters | 38.33 LBS | 1 | $750.00 | $750.00 |
| 73 | 13 | Bag Face Value Quarters | 37.14 LBS | 1 | $750.00 | $750.00 |
| 74 | 13 | Bag Face Value Half Dollars | 10.67 LBS | 1 | $256.00 | $256.00 |
| 75 | 13 | Roll 20 Coins Ike Dollars | | 1 | $20.00 | $20.00 |
| 76 | 13 | 1936 Cleveland Half Dollars | | 5 | $65.00 | $325.00 |
| 77 | 13 | Lot Misc Coins, Medals and Tokens | | 1 | $210.00 | $210.00 |
| 78 | 14-16 | Files and Papers - N/A for evaluation | | | N/A | N/A |
| 79 | 17 | 19.2 Oz of 999 Fine Silver Bars and Rounds | 1.62 LBS | 1 | $320.00 | $320.00 |
| 80 | 17 | Small Yellow Plastic Tub Misc US Face Value | 10.45 LBS | 1 | $110.00 | $110.00 |
| 81 | 17 | Small Box of Misc  Face Value US and Canadian Coins | 14.78 LBS | 1 | $150.00 | $150.00 |
| 82 | 17 | Plastic Jar Misc US Coins Face Value | 14.02 LBS | 1 | $100.00 | $100.00 |
| 83 | 17 | Misc Medals | | 4 | $1.25 | $5.00 |
| | | Sub Total | | | | $148,890.30 |
| | | Cash | | | | $6,000.00 |
| | | **Estimated Total** | | | | **$154,890.30** |

<u>**Summary**</u>

| | | | |
|---|---|---|---|
| 1 | Extremely high degree of certainty were in the vault approximately 30-45 days ago | | $60.00 |
| 2 | High degree of certainty was in Ross's office | | $900.00 |
| 3 | Belief these items werein the vault around February or March, 2016 | | $625.00 |
| 4 | Probability that they could have been in the vault, specific quantity undertermined. | | $88,621.00 |
| | | | $90,206.00 |

# EXHIBIT B

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into and effective as of this ____ day of March, 2019, upon the terms and conditions set forth below, by and between Mark Calvert as Chapter 11 Trustee for Northwest Territorial Mint, LLC ("Trustee") in bankruptcy case no. 16-11767, United States Bankruptcy Court for the Western District of Washington and Bradley Stephen Cohen and Cohen Asset Management, Inc. (collectively, the "Cohen Creditors"). The Trustee and the Cohen Creditors are collectively referred to herein as the "Parties."

## RECITALS

A.     On March 1, 2016, the United States District Court for the District of Nevada entered, in the case of *Bradley Stephen Cohen, et. al. v. Northwest Territorial Mint LLC, Ross B. Hansen, et. al.,* Case No. 2:12-cv-01401-JCM-PAL ("Cohen Creditors' Litigation"), a "Judgment on Jury Verdict' (the "Judgment") in favor of the Cohen Creditors.

B.     The Cohen Creditors filed a foreign judgment with King County Superior Court of Washington under King County Case #16-2-05611-3 KNT. The Cohen Creditors have a foreign judgment in the amount of $25,500,000.00 against Ross Hansen ("Hansen"). The Cohen Creditors also have a judgment against the Mint in the principal amount of $12,500,000.00.

C.     On April 1, 2016, Northwest Territorial Mint, LLC (the "Debtor" or the "Mint") filed a chapter 11 voluntary bankruptcy petition, commencing Case No. 16-11767-CMA (the "Bankruptcy Case") in the United States Bankruptcy Court for the Western District of Washington (the "Bankruptcy Court"). On April 11, 2016, the Bankruptcy Court appointed Mark Calvert as chapter 11 Trustee.

D.     On April 27, 2016 Cohen caused the Sheriff to serve a writ of execution at Hansen's residence in Auburn, Washington ("Writ of Execution"). The Sheriff seized personal property including coins and bullion, computers, collectibles and paper records (the "Seized Property"). The Cohen Creditors incurred no less than $15,000 in attorney fees and costs in their efforts to execute on the Seized Property.

E.     Multiple parties have expressed ownership or an interest in the Seized Property. The Trustee believes that the Seized Property is property of the bankruptcy estate. Diane Erdmann has previously asserted that the Seized Property belongs to her. It is the Cohen Creditor's position that some or all of the Seized Property belongs to Hansen and is subject to execution to partially satisfy their judgment.

F.     Diane Erdmann filed a motion in the Bankruptcy Case for instruction regarding the applicability of the automatic stay as to the Cohen Creditors' Litigation. On June 22, 2016, the bankruptcy court entered an Order Determining Applicability of Automatic Stay. The court ordered that the Seized Property be turned over to the Trustee

pending a determination whether the Bankruptcy Estate owns an interest in the Seized Property.

      G.     On September 9, 2016, the Trustee filed a complaint against Diane Erdmann commencing Adv. Pro. 16-01217, United States Bankruptcy Court for the Western District of Washington (the "Erdmann Litigation") seeking avoidance of certain fraudulent transfers made by NWTM for her benefit. On March 28, 2018, following trial, a judgment was entered in favor of the Trustee in the amount of $430,462.

      H.     The parties to this Agreement wish to resolve claims and issues between them as reflected by the terms contained below.

## AGREEMENT

In consideration of the mutual promises and covenants contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties to this Agreement agree as follows:

      1.     <u>Recitals</u>. The Recitals set forth above constitute an integral part of this Agreement and the parties hereby affirm the facts set forth therein and agree to the incorporation of the Recitals by this reference with the same force and effect as if set forth herein as agreements of the Parties.

      2.     <u>Execution on Seized Property by Trustee</u>. The Trustee will file a motion seeking authority to liquidate the Seized Property and apply the proceeds in accordance with the terms of this Agreement.

      3.     <u>Proceeds of Sale of Seized Property.</u> Any proceeds recovered by the Trustee from the liquidation of the Seized Property will be split as follows: Cohen Creditors will receive the first $50,000, which shall be paid as directed by Cohen or his counsel. The remainder of the proceeds will be paid to the bankruptcy estate.

      4.     <u>Release of Claims by Trustee against Bradley Stephen Cohen</u>. Contingent upon approval of this Agreement by the Bankruptcy Court, the Trustee, on behalf of the Bankruptcy Estate, its respective agents, affiliates, parents, subsidiaries, officers, directors, shareholders, legal representatives, successors and assigns, shall be deemed to have fully and forever released, compromised and discharged Bradley Stephen Cohen and his current, former, and future, agents, lawyers, employees predecessors, successors, assigns, affiliates, and representatives from all actions, claims, demands, damages, debts, losses, liabilities, indebtedness, causes of action (whether at law or in equity) and obligations of whatever kind or nature, whether now known or hereafter discovered, direct or indirect, new or existing, foreseen or unforeseen, by reason of any matter, cause or thing whatsoever occurring on or prior to the date hereof, arising out of or relating to the affairs of Bradley Stephen Cohen and the Mint.

5.     Release of Claims by Trustee against Cohen Asset Management, Inc.
Contingent upon approval of this Agreement by the Bankruptcy Court, the Trustee, on
behalf of the Bankruptcy Estate, its respective agents, affiliates, parents, subsidiaries,
officers, directors, shareholders, legal representatives, successors and assigns, shall be
deemed to have fully and forever released, compromised and discharged Cohen Asset
Management, Inc. and its current, former, and future, agents, lawyers, employees
predecessors, successors, assigns, affiliates, and representatives from all actions, claims,
demands, damages, debts, losses, liabilities, indebtedness, causes of action (whether at
law or in equity) and obligations of whatever kind or nature, whether now known or
hereafter discovered, direct or indirect, new or existing, foreseen or unforeseen, by reason
of any matter, cause or thing whatsoever occurring on or prior to the date hereof, arising
out of or relating to the affairs of Cohen Asset Management, Inc. and the Mint.

6.     Agreement Subject to Court Approval.  This agreement is binding on the
parties, subject only to the approval of the Bankruptcy Court.  The Trustee agrees to
promptly apply to the Court for such approval.

7.     Representation. The Parties to this Agreement have had the opportunity to
review this Agreement and acknowledge that they fully understand and agree to the
contents herein.  The Parties have had the opportunity to consult with their own attorneys
concerning this Agreement and have not entered into this Agreement under any undue
influence.  Each of the individuals signing this Agreement specifically represents and
warrants that they have authority to bind the parties to this Agreement.

8.     Governing Law; Jurisdiction and Venue.  This Agreement is entered into
in Washington and shall be governed by and construed in accordance with the substantive
laws of the State of Washington, without giving effect to conflicts of laws rules.  The
Parties agree that the Bankruptcy Court for the Western District of Washington shall have
jurisdiction and shall be the sole venue for the determination of any disputes arising out
of this Agreement.

9.     Successors and Assigns.  This Agreement shall inure to the benefit and be
binding upon the parties to this Agreement and their successors and assigns.

10.     Entire Agreement.  This Agreement constitutes the entire agreement
between the parties hereto and supersede all prior agreements, representations,
warranties, statements, promises, information, arrangements and understandings, whether
oral or written, express or implied, with respect to the subject matter hereof.  No
variations, modifications, or changes herein shall be binding upon any party unless set
forth in a document executed by the Parties.

11.     Counterparts; Signature Pages.  This Agreement may be executed in one
or more counterparts, each of which shall constitute an original document but all of
which when taken together shall constitute one and the same agreement.  Delivery of an
executed copy facsimile or email transmission or other means of electronic
communication producing a printed copy will be deemed to be an execution and delivery
of this Agreement on the date of such communication by the parties so delivering such a

copy. Any party so delivering such a copy via electronic communication shall deliver an executed original of this Agreement to the other parties upon request.

12. <u>Headings</u>. The captions or headings provided in this Agreement are for convenience only and shall not be deemed to be a part of this Agreement.

13. <u>Further Assurances</u>. From time to time and without further consideration, the parties hereto shall execute and deliver such other instruments of conveyance, assignment, transfer, delivery, security and take such other action as may be reasonably necessary in order to consummate the transactions contemplated by this Agreement, providing however that any such instruments shall be without warranty.

14. <u>No Waiver</u>. A party does not waive any right under this Agreement by failing to insist on compliance with any of the terms of this Agreement or by failing to exercise any right hereunder. Any waivers granted hereunder are effective only if recorded in a writing signed by the party granting such waiver.

15. <u>Severability</u>. If any provision of this Agreement is determined by any court or governmental authority to be unenforceable, the Parties intend that this Agreement be enforced as if the unenforceable provisions were not present and that any partially valid and enforceable provisions be enforced to the extent that they are enforceable.

16. <u>Rules of Construction</u>. Each of the Parties and/or counsel for each party have reviewed this Agreement and accordingly the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

17. <u>Cumulative Rights/Construction</u>. The rights and remedies of the Parties under this Agreement are cumulative, and any party may enforce any of its rights or remedies under this Agreement or other rights and remedies available to it at law or in equity.

MARK CALVERT, CHAPTER 11 TRUSTEE OF THE
BANKRUPTCY ESTATE OF NORTHWEST TERRITORIAL
MINT, LLC


By_____


_____

Date_____

COHEN ASSET MANAGEMENT, INC.

By: _____

Date_____

BRADLEY STEPHEN COHEN

_____

Date_____