UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In Re:<br><br>Diane Renee Erdman<br><br>                   Debtor.<br><br>Kathryn E. Ellis as Trustee for the Bankruptcy Estate of Diane Renee Erdman<br><br>                   Plaintiff,<br><br>                   v.<br><br>Bucknell Sato LLP, fka Bucknell Stehlik Sato & Orth LLP, a Washington limited liability partnership,<br><br>                   Defendant. | Case No. 19-41238-MJH<br><br>Adversary No.<br><br>COMPLAINT FOR AVOIDANCE, RECOVERY AND PRESERVATION OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544 541, 544, 550, AND 551 AND RCW 19.40 ET. SEQ. |

Kathryn A. Ellis, the Plaintiff ("Trustee"), trustee for the chapter 7 bankruptcy estate of Diane Renee Erdman ("Debtor") for causes of action against defendant Bucknell Sato, LLP, fka Bucknell Stehlik Sato & Orth LLP ("Defendant"), states and alleges as follows:

///

///

COMPLAINT - 1

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

# I. NATURE OF THE ADVERSARY PROCEEDING

1.1 On April 18, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code") at which time, the Court appointed Kathryn A. Ellis as trustee for the Debtor's bankruptcy estate.

1.2 Prior to Petition Date, the Debtor made certain payment deposits to the Defendant for legal fees for which she received no benefit.

1.3 The Trustee has made demand upon the Defendant to return the deposits that constitute property of the estate, but to date, the Defendant has not responded to the Trustee's demand.

# II. PARTIES

2.1 The Trustee realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 1.3 as if fully set forth herein.

2.2 <u>Plaintiff</u>. The Debtor filed her voluntary bankruptcy petition on April 18, 2019 (the "Petition Date") at which time the Trustee was appointed making the Trustee is the duly appointing and acting trustee for the bankruptcy estate of the Debtor.

2.3 <u>Defendant</u>. The defendant is Bucknell Sato LLP, fka Bucknell Stehlik Sato & Orth LLP, a Washington limited liability partnership doing business at 2003 Western Ave., Suite 400, Seattle, Washington.

# III. JURISDICTION AND VENUE

3.1 The Trustee realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 2.3 as if fully set forth herein.

COMPLAINT - 2

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

FG:53752270.1
Case 19-41238-MJH    Doc 111    Filed 06/05/20    Ent. 06/05/20 13:49:30    Pg. 2 of 12

3.2 This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(1) (a proceeding to recover money or property).

3.3 Plaintiff, as the Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate"), has standing to bring this action under 11 U.S.C. §§ 541, 544, 550, and 551 and that certain settlement agreement made effective October 23, 2019 and approved by the Court at Dkt No. 96 on November 7, 2019.

3.4 This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334(b) over the subject matter of this proceeding because the claims asserted herein arise under the Bankruptcy Code and are related to the Debtor's main bankruptcy proceeding, pending in the Western District of Washington, as *In Diane Renee Erdman*, Case Number 19-41238 MJH (the "Bankruptcy Case").

3.5 Pursuant to 28 U.S.C. § 1409(a), venue of this adversary proceeding in this Court is proper because the Debtor's bankruptcy case is pending in this district.

3.6 Pursuant to Bankruptcy Rule 7008, Plaintiff consents to the entry of final orders and judgment by this Court.

## IV. GENERAL ALLEGATIONS

4.1 The Trustee realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 3.6 as if fully set forth herein.

4.2 The Debtor's boyfriend is Ross Hansen, the sole member of Northwest Territorial Mint, LLC ("NWTM").

4.3 NWTM was a private mint that had facilities in six states. NWTM business operations included custom minting of commemorative coins as well as on-line and walk-in sales

COMPLAINT - 3

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

FG:53752270.1
Case 19-41238-MJH    Doc 111    Filed 06/05/20    Ent. 06/05/20 13:49:30    Pg. 3 of 12

of precious metals and coins. NWTM also stored precious metals and bullion for customers charging customers rent for the storage.

4.4 On March 1, 2016, the United States District Court for the District of Nevada entered, in the case of Cohen et al v. Northwest Territorial Mint LLC et al, Case No. 2:12-cv-01401-JCMPAL a "Judgment on Jury Verdict' (the "Judgment") in favor of the plaintiffs (the "Cohen Plaintiffs"), including a judgment against Ross Hansen in the sum of $25,500,000 and a judgment against NWTM in the sum of $12,500,000. The judgments were filed as a foreign judgment with King County Superior Court under Case No. 16-2-05611-3 KNT.

4.5 On April 1, 2016, NWTM filed bankruptcy in the United States Bankruptcy Court Western District of Washington at Seattle under Case No. 16-11767-CMA and on April 11, 2016 Mark Calvert was appointed Chapter 11 trustee (the "NWTM Trustee").

4.6 Since at least 2005, through the date of NWTM's bankruptcy filing the Debtor was in charge of NWTM's vault where her duties included managing cash and bullion.

4.7 On June 3, 2016, the attorney for the Cohen Plaintiffs deposed the Debtor.

4.8 During the examination, the Debtor was asked about her income and assets.

4.9 The Debtor testified under oath at the examination that she had not held a paying job since the late 1990s.

4.10 The Debtor further testified under oath that other than a retainer she had paid to the Tracy Law Group and some precious metals seized by the King County Sheriff, the Debtor's assets consisted of (i) six ounces of gold worth, at the time, $7,200; (ii) less than $1,000 in cash; and (iii) some miscellaneous silver in the possession of friend Don Schwenk.

4.11 The Debtor stated under oath she had no other assets.

COMPLAINT - 4

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

FG:53752270.1
Case 19-41238-MJH    Doc 111    Filed 06/05/20    Ent. 06/05/20 13:49:30    Pg. 4 of 12

4.12     Beginning in late June 2016, the Debtor began liquidating precious metals and using the proceeds from the sales of the precious metals to pay legal fees incurred by Ross Hansen and/or a company in which was controlled by Mr. Hansen, Medallic Art Company, LLC ("MAC").

4.13     The Debtor had no member or equity interest in MAC.

4.14     The Debtor did not disclose during the deposition conducted on June 3, 2016 that she was in possession of precious metals with a value totaling in excess of $800,000.

4.15     Specifically, between June 2016 and March 2017, the Debtor liquidated approximately $800,000 in precious metals via Renton Coin Ship, Inc., Northgate Rare Coin and The Gold Center and transferred hundreds of thousands of dollars from the proceeds of the sales to a number of law firms for legal services provided to Mr. Hansen and/or MAC.

4.16     The Defendant was the recipient of some of these transfers from the Debtor.

4.17     The transfers by the Debtor to the Defendant (collectively the "Transfers") are as follows:

>   (i)     liquidation of precious metals via sale to Renton Coin Shop with Renton Coin Shop issuing a check dated June 20, 2016 payable to Bucknell in the sum of $10,150;
>
>   (ii)    liquidation of precious metals with the Debtor issuing a check dated July 22, 2016 drawn on her Wells Fargo Bank N.A. account payable to Bucknell in the sum of $15,000;
>
>   (iii)   liquidation of precious metals with the Debtor issuing a check dated August 6, 2016 drawn on her Wells Fargo Bank N.A. account payable to Bucknell in the sum of $15,000;
>
>   (iv)    liquidation of precious metals via sale to Renton Coin Shop with Renton Coin Shop issuing a check dated September 16, 2016 payable to Bucknell in the sum of $40,000;
>
>   (v)     liquidation of precious metals via sale to Renton Coin Shop with Renton Coin Shop issuing a check dated October 21, 2016 payable to Bucknell in the sum of $38,000;

COMPLAINT - 5

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

FG:53752270.1
Case 19-41238-MJH    Doc 111    Filed 06/05/20    Ent. 06/05/20 13:49:30    Pg. 5 of 12

      (vi)    liquidation of precious metals via sale to Renton Coin Shop with Renton Coin Shop issuing a check dated November 27, 2016 payable to Bucknell in the sum of $57,000;

      (vii)    liquidation of precious metals via sale to Northgate Rare Coin with Northgate Rare Coin issuing a check dated January 10, 2017 payable to Bucknell in the sum of $57,350;

      (viii)    liquidation of precious metals via sale to Renton Coin Shop with Renton Coin Shop issuing a check dated January 31, 2017 payable to Bucknell in the sum of $28,000; and

      (ix)    liquidation of precious metals via sale to The Gold Center with The Gold Center issuing a wire transfer dated March 9, 2017 to Bucknell's Commerce Bank account in the sum of $75,000.

4.18    At the time of the transfers, the Defendant was representing MAC and was not representing the Debtor.

4.19    The total of these Transfers to the Defendant equaled $335,500.00.

4.20    On or about September 9, 2016, the NWTM Trustee filed a fraudulent transfer action to avoid certain payments NWTM made to the Debtor for charges on the Debtor's American Express card, and on March 28, 2018 obtained a judgment against the Debtor in the sum of $430,462.00.

4.21    In a 2004 examination of the Debtor conducted on August 3, 2017 by the NWTM Trustee, the Debtor was confronted with documentary evidence showing she sold precious metals and transferred of proceeds from these sales to various law firms.

4.22    In questioning during the 2004 examination about the precious metal assets, the Debtor testified under oath that she started with approximately $80,000 in precious metals in 1997 and 1998 and was active in like-kind trades since that time taking advantage of the highs and lows in the commodity markets such that her original investment was equal to in excess of $800,000 in 2016.

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

4.22  The Debtor admitted under oath during the 2004 examination that the precious metal assets she was selling to Renton Coin Ship, Inc., Northgate Rare Coin and The Gold Center between June 2016 and March 2017 was her precious metals investments with an approximate value of $800,000.

4.23  The Debtor further admitted under oath that she used the proceeds from the sales of her precious metals investments to pay for legal fees.

4.24  When the Debtor was asked about the disparity between her testimony under oath on June 3, 2016 wherein the Debtor testified she had limited assets and did not disclosed the existence of $800,000 in precious metal assets and her testimony under oath in the August 2004 examination in which she admitted to having over $800,000 in assets during the period June 2016 and March 2017, the Debtor pled the Fifth Amendment and did not answer the question.

4.25  The Debtor also testified at the 2004 examination that a friend, Mike Parish, was providing the Debtor with funds for living expenses as she had no other source of income.

## V.  FIRST CAUSE OF ACTION
## AVOIDANCE AND RECOVERY OF THE TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b), 550, 551 AND RCW § 19.40.041(a)(1).[1]

5.1  The Trustee realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 4.25 as if fully set forth herein.

5.2  The Transfers were made within four years of the Petition Date.

5.3  The Transfers were transfers of the Debtor's assets as the term "assets" is defined in RCW § 19.40.011(2) and as evidenced by the Debtor's testimony at an August 3, 2017 2004 examination.

---

[1] All references to RCW § 19.40 in this complaint are to the former sections and provisions of Washington law in effect at the time of the Transfers.

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

FG:53752270.1
Case 19-41238-MJH    Doc 111    Filed 06/05/20    Ent. 06/05/20 13:49:30    Pg. 7 of 12

5.4     The Transfers were transfers of the Debtor's assets, as the term "transfer" is defined in RCW § 19.40.011(12).

5.5     The Trustee is informed and believes, and based thereon alleges, that the Transfers represent transfers that were made or obligations that were incurred with actual intent to hinder, delay or defraud creditors of the Debtor.

5.6     The Trustee is informed and believes, and based thereon alleges, that the Transfers were made by the Debtor to the Defendant without the Debtor receiving reasonably equivalent value in exchange for the Transfers as the Transfers were for payment of legal services for the benefit of MAC, an entity in which the Debtor held no member or equity interest.

5.7     The Transfers were not for legal services for the Debtor.

5.8     The Trustee is informed and believes, and based thereon alleges, that at the time the Transfers were made by the Debtor to the Defendant in June, July and August 2016, the Debtor was first threatened with a lawsuit by the NWTM Trustee.

5.9     The Trustee is informed and believes, and based thereon alleges, that at the time the Transfers were made by the Debtor to the Defendant subsequent to August 2016, the NWTM Trustee had sued the Debtor.

5.10    The Trustee is informed and believes, and based thereon alleges, that at the time the Transfers were made by the Debtor to the Defendant, the Debtor had concealed and was concealing the precious metal assets, which were ultimately liquidated resulting in the Transfers to the Defendant by (i) failing to disclose the existence of the precious metal assets and instead testifying in a June 2016 deposition that her assets were limited to six ounces of gold, $1,000 in cash and some miscellaneous silver, and (ii) representing in pleadings filed with the Bankruptcy Court in the US Mint case in 2016 that she was a person of modest means.

COMPLAINT - 8

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

FG:53752270.1
Case 19-41238-MJH    Doc 111    Filed 06/05/20    Ent. 06/05/20 13:49:30    Pg. 8 of 12

5.11 The Trustee is informed and believes, and based thereon alleges, that at the time the Transfers were made, the Debtor was insolvent or became insolvent as evidenced by her bankruptcy filing and the Debtor's testimony at a 2016 deposition and a 2017 2004 examination that she had no income, virtually no assets remaining and was relying on funds from friend Mike Parish to pay her living expenses.

5.12 The Trustee is informed and believes, and based thereon alleges, that at the time the Transfers were made by the Debtor to the Defendant, the Debtor concealed the Transfers as evidenced by the fact that the Debtor failed to disclose the Transfers (i) in her June 3, 2016 deposition, and (ii) in pleadings she filed with the Bankruptcy Court in the NWTM bankruptcy case.

5.13 The Transfers should be avoided and recovered pursuant to 11 U.S.C. §§ 544(b) and 550 and preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551 because the Transfers are avoidable under applicable law, including the Washington Uniform Fraudulent Transfer Act RCW § 19.40.041(a)(1).

## VI. SECOND CAUSE OF ACTION
### AVOIDANCE OF THE TRANSFERS PURSUANT TO
### 11 U.S.C. §§ 544(b), 550, 551 AND RCW §§ 19.40.041(a)(2) AND 19.40.051(a).

6.1 The Trustee realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 5.13 as if fully set forth herein.

6.2 The Transfers were made within four years of the Petition Date.

6.3 The Transfers were transfers of the Debtor's assets as the term "assets" is defined in RCW § 19.40.011(2) and as evidenced by the Debtor's testimony at an August 3, 2017 2004 examination.

COMPLAINT - 9

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

FG:53752270.1
Case 19-41238-MJH    Doc 111    Filed 06/05/20    Ent. 06/05/20 13:49:30    Pg. 9 of 12

6.4 The Transfers were transfers of interests of the Debtor in property, as the term "transfer" is defined in RCW § 19.40.011(12).

6.5 The Trustee is informed and believes, and based thereon alleges, that the Transfers were made from the Debtor to the Defendant without the Debtor receiving reasonably equivalent value in exchange for the Transfers as the Transfers were for payment of legal services for the benefit of MAC, an entity in which the Debtor held no member or equity interest.

6.6 The Transfers were not for legal services for the Debtor.

6.7 The Trustee is informed and believes, and on that basis alleges, that the Debtor reasonably should have believed that she would incur debts beyond her ability to pay as they became due because (i) in June 2016, at the time the Debtor commenced making transfers to the Defendant, the NWTM Trustee was investigating certain transfers that were made from NWTM to the Debtor, and (ii) the NWTM Trustee eventually sued the Debtor for recovery of NWTM estate assets that were used by the Debtor for her personal benefit just three months after the Debtor began making the Transfers to the Defendant, which Transfers continued through March 2017.

6.8 The Trustee is informed and believes, and on that basis alleges, that the Debtor was insolvent at the time the Transfers were made from the Debtor to the Defendant based on her sworn testimony regarding her assets in 2016 and 2017, including testimony that she had no income, virtually no assets remaining and was relying on funds from friend Mike Parish to pay her living expenses.

6.9 The Trustee is informed and believes and on that basis alleges, that the Transfers from the Debtor to the Defendant caused the Debtor to become insolvent as evidenced by the Debtor's bankruptcy filing and the Debtor's testimony at a 2016 deposition and a 2017 2004

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

examination that she had no income, virtually no assets remaining and was relying on funds from friend Mike Parish to pay living expenses..

6.10 The Transfers should be avoided and recovered pursuant to 11 U.S.C. §§ 544(b) and 550 and preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551 because the Transfers are avoidable under applicable law, including the Washington Uniform Fraudulent Transfer Act RCW §§ 19.40.041(1)(B) and 19.40.051(a).

## VII. PRAYER

WHEREFORE, the Trustee respectfully prays that:

1. Judgment be entered against the Defendant avoiding and recovering the Transfers pursuant to 11 U.S.C. §§ 544(b) and 550, and preserving the Transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551, because the Transfers are avoidable under applicable law, including the Washington Uniform Fraudulent Transfer Act, RCW § 19.40.041(a)(1).

2. Judgment be entered against the Defendant avoiding and recovering the Transfers pursuant to 11 U.S.C. §§ 544(b) and 550, and preserving the Transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551, because the Transfers are avoidable under applicable law, including the Washington Uniform Fraudulent Transfer Act, RCW §§ 19.40.041(a)(2) and 19.40.051(a).

3. The Trustee be awarded interest on the judgment as permitted by law.

4. The Trustee be awarded costs of the suit incurred herein;

5. The Court allow the Trustee to freely amend its pleadings, including this Complaint; and

6. For such other and further relief as this Court deems just and proper.

COMPLAINT - 11

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

FG:53752270.1
Case 19-41238-MJH    Doc 111    Filed 06/05/20    Ent. 06/05/20 13:49:30    Pg. 11 of 12

Dated this 5th day of June, 2020.

**FOSTER GARVEY PC**

*/s/ Deborah A. Crabbe*
Deborah A. Crabbe, WSBA No. 22263
*Attorneys for Plaintiff*
*Chapter 7 Trustee Kathryn A. Ellis*

COMPLAINT - 12

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

FG:53752270.1
Case 19-41238-MJH    Doc 111    Filed 06/05/20    Ent. 06/05/20 13:49:30    Pg. 12 of 12